COOPER v. JOHNSON, *et al., Appellants.*

1. **Trespass, who are Principals in.** Any person who is present at the commission of a trespass, encouraging or inciting the same by words, gestures, looks or signs, or who, in any way, or by any means countenances or approves the same, is, in law, deemed to be an aider and abettor, and liable as a principal.

2. **Jurors, Understanding of Ordinary English Words.** Jurors are presumed to understand the meaning of ordinary English words, and to know that to "countenance" an act is to aid in or abet it, and that one by mere silence at the time, or approval of an act after its commission, cannot be held thereby to countenance the same or be held liable therefor.

3. **Practice in Supreme Court:** INSTRUCTIONS. Where there is anything in the pleadings, the testimony or instructions to warrant the conclusion that but for the faulty phraseology of an instruction complained of, the jury would not have found a verdict, the Supreme Court will reverse the judgment, but otherwise, when from all of the instructions the jury could not have misconstrued the one complained of.

4. **Instructions.** Instructions asked are properly refused when embraced in others given.

*Appeal from Henry Circuit Court.*—HON. J. B. GANTT, Judge.

AFFIRMED.

*M. A. Fyke, R. C. McBeth* and *F. P. Wright* for appellants.

The court erred in overruling the demurrer to the evidence. There was nothing in plaintiff's evidence to show that defendant Johnson was present at the time of the arrest, or in any wise participated in it, or even knew of it until after it was made. The court erred in its instructions to the jury on the part of plaintiff, and in refusing instructions asked by defendant. As the principals were acquitted Johnson cannot be held liable, when nothing was done by his direction. This is a civil case, and, as at common law,

if the principal is acquitted, the accessory cannot be held liable.   2 Starkie on Ev., 14.

*C. A. Calvird* and *Charles B. Wilson* for respondent.

In trespass all are principals.   *Canifax v. Chapman,* 7 Mo. 175; *Page v. Freeman,* 19 Mo. 421; *Murphy v. Wilson,* 44 Mo. 313; *Goetz v. Ambs,* 27 Mo. 32; *State v. Jones,* 83 N. C. 606, 607.   The evidence of the plaintiff directly implicated defendants Cannon, McDowell and Johnson.   The instructions given by the court, taken as a whole, fairly presented the law applicable to the case.   The word " countenance " was properly used in the instruction.   Its use has been approved in adjudicated cases.   *Brown v. Perkins,* 1 Allen 89, 98; *McManus v. Lee,* 43 Mo. 208.   Instructions are to be considered in their entirety and relations to each other, and this court will not reverse because of some verbal defect in one of them, when it is obvious from the whole context the defect did not mislead.   *McKeon v. Citizens' R'y,* 43 Mo. 405; *Nelson v. Foster,* 66 Mo. 381; *Parton v. McAdoo,* 68 Mo. 327; *Brown v. Ins. Co.,* 68 Mo. 133; *Noble v. Blount,* 77 Mo. 235.   It is not error to refuse instructions embraced in those given.   *Graham v. Railroad Co.,* 66 M·ո. 536; *State v. Walton,* 74 Mo. 271; *Nugent v. Curran,* 77 Mo. 323.

HENRY, J.—This suit is for assault and false imprisonment.   The plaintiff resided about two miles and a half from the town of Montrose, and went to the town to procure medicines for his wife, and when on his way home was arrested in a street of the town by defendants, Cannon and McDonald and forcibly and rudely taken to the calaboose, where he was locked up for about an hour.   He testified that after he had been confined in the calaboose, as above stated, he was taken before Blew, one of the defendants, who was mayor of the town, who discharged him and he went home, but returned the same afternoon and met defendant, Johnson, and asked him the names of the men who had arrested

him. Johnson said it made no difference, that they acted under orders of the board, and if the board had not authority he would look to it, and they would have a civil suit and no bad feeling about it. He also testified that Johnson told him that he was one of the board (and there seems to be no question that he was) and that the reason they had it done was that four or five persons had been to the board yesterday and told them plaintiff had been to Clinton, exposed to small-pox. Collins testified that while the marshal was taking plaintiff to the calaboose, he saw plaintiff's son-in-law, Rhodes, following, and heard Johnson remark as they passed, that if Rhodes didn't mind he would get his head broken by the marshal. These witnesses were contradicted by witnesses introduced by the defense in all those portions of the testimony tending to implicate Johnson. The court at plaintiff's instance gave the following instructions:

1. If the jury finds from the evidence that the defendant, McDonald and one Cannon, on or about the 19th day of February, 1881, at the town of Montrose, in this county, seized the plaintiff and against his will forcibly carried or led him through a street of said town and confined him in a room or calaboose without any warrant authorizing them so to do, and that the same was willfully or maliciously done; and if the jury further believe from the evidence that the defendants, Blew and Johnson, or either of them, were *present aiding*, or abetting or encouraging the act, or that they, or either of them, in any way or by any means, either before the said arrest or at the time thereof, countenanced or approved the same, then either of them so aiding or countenancing the same, are liable as if he or they had actually seized and imprisoned the plaintiff, but the mere presence of said defendants, or either of them, will not of itself render them liable unless they were approving encouraging, countenancing the same. Malice, as used, in this case, does not mean mere spite or ill-will toward plaint-

iff by defendants, but it means a wrongful act, intentionally done without legal justification or excuse.

2. The court further instructs the jury that while the burden of proof rests upon the plaintiff, the burden of law does not require that he should prove by direct testimony that either the defendants, Blew or Johnson, were heard to give a direct order to either McDonald or Cannon to arrest the plaintiff, but if the jury believe from all the facts and circumstances in evidence that both or either of said defendants encouraged, countenanced or approved the arrest or imprisonment, and that such arrest and imprisonment was without warrant and wrongful, then the jury should find for the plaintiff against such defendants, so believed by them from the evidence to have incited, encouraged, countenanced or approved such arrest.

3. The court instructs the jury that the fact that McDonald and Cannon were marshals of said town of Montrose did not justify them in arresting plaintiff or incarcerating him in the town prison without a warrant directing them so to do, and the fact that Blew and Johnson were members of the town board of said town did not authorize them, or either of them, in directing such arrest and incarceration.

4. The court instructs the jury that if they find for the plaintiff they will, in assessing the damages, allow plaintiff such amount as they think will compensate him for his loss of time and any other damages he may have actually suffered, and, in addition thereto, if the jury believes that the trespass was committed willfully and maliciously, as heretofore defined, they may also allow such further damages as they see fit as smart money or exemplary damages, not exceeding the amount of $5,000, and in estimating the damages they may take into consideration the standing of the parties in the community, and also the mental anguish and pain which plaintiff suffered from such arrest and incarceration.

5. The jury are instructed that they may find against one or more of the defendants, and in favor of the others.

The court on its own motion, against the objections of defendants, gave the following instructions to the jury, to-wit:

5. The court instructs the jury that in this case the burden of proof is on the plaintiff to establish by a preponderance of evidence that the defendants, Blew and Johnson, or either of them, were present at the time of the committing of the trespass against plaintiff, aiding or abetting the said McDonald and Cannon in making the said arrest, or by some act or means approving or encouraging or countenancing the same, or that being absent said arrest was made with the knowledge or endorsement of said Blew and Johnson, or either of them, prior to the making of the same, and the mere presence of either Blew or Johnson at the time the arrest was made will not of itself make them liable, unless they by some means or act approved, encouraged and countenanced the same.

The court instructs the jury that before you can find against either Johnson or Blew in this case, you must believe from the evidence that such defendants were present and took part in said arrest, or being absent, said arrest was made with the knowledge and by the order or endorsement of such defendants prior to said arrest.

The defendants then and there at the time, excepted to the giving of said instructions.

The court refused to give the following instructions to the jury asked by defendants:

The court instructs the jury that unless they find from the evidence that O. F. Johnson and Elisha Blew were present and assisted in making the assault complained of, or were at the time present and aided and abetted the defendants, McDonald and Cannon, in such assault, they will find for the defendants, Blew and Johnson.

That although the jury may find from the evidence that Johnson and Blew were members of the town board, that defendants, Cannon and McDonald, were marshals of the town, and although the jury may find that the assault

or arrest complained of was wholly unauthorized by law; yet unless defendants, Johnson and Blew, participated or aided in such arrest at the time, the jury will find for the defendants, Johnson and Blew.

The court instructs the jury that before you can find against the defendant, O. F. Johnson, you must believe from the evidence that said Johnson was present and took part in said arrest or imprisonment, or that the same was made by the order or direction of said Johnson, and the mere fact that said Johnson may have had knowledge that said arrest was made and did not interfere, would not render him liable.

The jury found a verdict for plaintiff against Johnson and in favor of the other defendants, and the court rendered a judgment against Johnson, from which he has appealed, and complains of the first, second and third instructions given for the plaintiff at his request, and that given by the court of its own motion numbered five.   Of the first that there was no evidence tending to show that Johnson was present at the time of the arrest.

The evidence does not show that he was present when the officer first laid hands upon plaintiff, but very soon after he saw plaintiff in the custody of the marshals who were taking him forcibly to the calaboose.   Nothing more is meant by the expression "present, at the time of the arrest," than that the party charged was sufficiently near the parties actually making it, to enable him by word, sign or otherwise, to aid, abet or encourage it.   One may witness an arrest and not, in a legal sense, be present at the time of the arrest, for he might be in a place or position from which he could witness it, but could himself neither be seen or heard by the parties making the arrest.   The arrest and imprisonment together constitute the matter of which plaintiff complains.   Johnson might not have witnessed the first step taken by the marshal, but if he saw plaintiff in their custody on the way to the calaboose, and encouraged them in their proceeding, as a matter of law, he was

present aiding and abetting, and must be held to the same liability as if he had been actually present when the officer first laid hands upon the plaintiff.

As to the first and fifth it is contended that the use of the word "countenanced" vitiates these instructions, by authorizing a verdict against Johnson, although he may have been in no wise connected with the arrest or imprisonment, simply because he failed to express his disapprobation, and further, that there was no evidence that he encouraged, countenanced or approved the arrest or imprisonment of plaintiff. With respect to the latter proposition counsel have either overlooked, or ignore, and expect this court to disregard, the testimony of plaintiff. We will not repeat it here. It is substantially stated above, and, if true, defendant was one of the board which ordered the arrest, and himself stated to plaintiff the reason for ordering it. As to the first of the above named objections to the instructions in *McManus v. Lee*, 43 Mo. 208, this court observed : " The law is well laid down that any person who is present at the commission of a trespass, encouraging or exciting the same by words, gestures, looks or signs, or who in any way or by any means countenances or approves the same, is in law deemed to be an aider and abettor, and liable as a principal." In *Brown v. Perkins*, 1 Allen 89, the same language is held by the supreme court of Massachusetts, in commenting upon an instruction in which it was declared that: "All those present who countenance and approve the measures taken, or make no opposition, or manifest no disapprobation of them, are regarded as present aiding," etc. Bigelow, J. observed : " It is not accurate to say that all those present at the commission of a trespass are liable as principals, who make no opposition or manifest no disapprobation of another's person or property," and for this error held the instruction bad.

That one was present and witnessed the trespass, but neither by word, sign nor act, nor in any other manner, signified his approval of it does not render him liable. He

is not by his mere silence to be held as countenancing the act and jurors are supposed to know the meaning of ordinary English words, and not one of a hundred men of ordinary intelligence but knows that to "countenance" an act means something more than to witness it. Webster defines the word: " To encourage by a favoring aspect; to sanction; to favor; to approve; to aid; to support; to abet." Mere approval of a trespass, after it is committed by one for whose benefit it was not committed, will not make him liable. One may rejoice over a murder after its commission without for that being criminally liable; and so may one approve and applaud an assault and battery committed by one upon another without subjecting himself to liability to the injured party. Nothing in the instructions given is in conflict with these principles of law. In none of them was the jury authorized to find against Johnson, unless he encouraged the trespass at the time it was committed, or counseled or ordered it before it occurred. ⸰

Of the third instruction for plaintiff, the complaint is that it assumes that Johnson directed the arrest of plaintiff. There was evidence tending to prove that he did, and also testimony to the contrary, and while the instruction might have been more unexceptionably drafted, yet we do not think the jury could possibly have understood it as declaring that Johnson did direct the arrest, but only as declaring that the town board was not authorized to order it. If there was anything in the pleadings, or testimony, or instructions to warrant the conclusion that, but for the phraseology of that instruction, the jury might not have found a verdict against Johnson, it would be our duty to reverse the judgment. But in all the instructions, except this one, the question as to Johnson's having directed the arrest was expressly submitted to the jury as an issue in the cause, upon which they were to pass, and they could not have construed the instruction in question as a declaration of the court that that fact was, or that they were to accept it as proved. In the petition all of the defendants are sued as principals

and that Johnson was present aiding and abetting, or being absent instigated and ordered the arrest, are only circumstances to prove that he was, as alleged, a principal in the trespass, and it was not necessary to allege in the petition any more than that he, with the others, committed the trespass.

The first instruction asked by defendant was properly refused. It virtually asserts that Johnson is not liable, although he may have ordered and directed the arrest, unless he was present when it was made participating and aiding. The others were properly refused because, in substance, embraced in plaintiff's, and those given by the court of its own motion. All concurring, the judgment is affirmed.