ANTONIO TALAVERA, ETC., Plaintiff and Appellant, *v.* CITY DELIVERY EXPRESS Co., INC., Defendant and Appellee.

No. 8224. Argued July 22, 1940.—Decided July 26, 1940.

*J. M. Valentín Esteves* for appellant. *Dubón & Ochoteco* and *Otero Suro & Otero Suro* for appellee.

MR CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action brought, in the District Court of Aguadilla, by Antonio Talavera, represented by his father Jenaro Talavera, against the City Delivery Express Co., Inc., to recover the sum of five hundred and forty dollars as damages —five hundred dollars for injuries to the person of the plaintiff, and forty dollars as the value of the animal which plaintiff was riding and which became useless as a result of the accident on which the action is based.

The defendant answered on March 4, 1939, and the case having been set for trial on the 25th of May following, said defendant set up that the court lacked jurisdiction, as the amount in controversy was only five hundred dollars, since the plaintiff could not claim the forty dollars—the value of the injured animal—which did not belong to him. The court sustained the exception and rendered judgment dis-

missing the complaint, with costs but without including attorney's fees.

In this situation, more than two months afterward, the plaintiff asked leave of court to file an amended complaint, and the court denied such leave, thus:

"The plaintiff in his memorandum says that the amendment is allowable, as it does not introduce a new, separate, or distinct cause of action, and invokes in his favor the cases of *Martínez* v. *Independence Indemnity Co.*, 36 P.R.R. 775, and *Martí* v. *American Railroad Company*, 28 P.R.R. 689. He also cites Bancroft's Code Pleading, p. 749, par. 518, and chap. 27, p. 757.

"The defendant asserts (1) that the amendment sought by the plaintiff introduces a new cause of action and (2) that the application for leave to amend comes too late and does not state facts sufficient to excuse such delay.

"It further maintains that in the original complaint the cause of action set forth as to the injured animal, is one for the recovery of $40 as the total value of said animal, which belonged to plaintiff's father, he being the owner thereof. The plaintiff had no cause of action to recover those damages, as the latter were sustained by another person.

"In the amended complaint, said cause of action set forth by the plaintiff in the original complaint, that is, the claim for damages which belonged to his father, was substantially changed by the allegation that the plaintiff owned an interest in the said animal; and thus plaintiff sets up in his favor a cause of action which was not stated in the original complaint and which is totally different from the one originally alleged, thereby seeking to evade the effect of the judgment previously rendered by the court dismissing the complaint for want of jurisdiction. *González* v. *White Star Bus Line, Inc.*, 53 P.R.R. 328; *Vere* v. *District Court*, 54 P.R.R. 248.

"There are some decisions which hold that injuries to the person and injuries to the property of the person injured, both resulting from the same tortious act, constitute but one cause of action (*King* v. *Chicago, M. & St. P. Ry. Co.*, 80 Minn. 83, 82 N. W. 1113), while others hold a contrary view. *Lamb* v. *Harbaugh*, 105 Cal. 680, 39 P. 56.

"We are inclined to think that in Puerto Rico the question is covered by the statute, as it seems to be so acknowledged by section 104 of the Code of Civil Procedure in force when it provides that

the plaintiff may join several causes of action in the same complaint, where they are for injuries to the person and to property and arise from the same tort.

"In nearly all of the states the general rule is, that no amendment can be allowed, either at or before trial, which introduces into the case a new substantive cause of action different from that declared upon when he brought his action.

"It has also been held that two of the tests by which to determine whether a second petition is an amendment, or the substitution of a new cause of action are the following; (1) That the same evidence will support both petitions; (2) that the same measure of damages will apply to both. If both of these tests fail, the new pleading is not an amendment. 51 Am. St. Rep. 416.

"With the change that has been introduced in the amended complaint, the claim is no longer for the same damage, that is for the injury sustained by the plaintiff as a result of the accident mentioned in the original complaint, since a new damage or loss is added, to wit, the one claimed by reason of the injury to the animal. The same evidence would not serve to support the same measure of damages.

"In our judgment it is clear that distinct claims could have been separately enforced.

"We think that the proposed amendment introduces a new, distinct, and separate cause of action, and therefore the leave requested by the plaintiff to file said amended complaint is hereby denied."

From that decision, rendered on April 2, 1940, the plaintiff took an appeal to this court which the defendant now seeks to dismiss because the decision is not appealable, and because in any event the appeal is frivolous.

The California jurisprudence construing section 939 of the Code of Civil Procedure of that State, which is equivalent to section 259 of our code, is to the effect that—

"An appeal does not lie from an order of trial court denying permission to amend a complaint. (Citations.)" *Kline* v. *Beauchamp et al.*, 84 P. (2d) 194, 195.

It is conclusive. However, the appellant maintains that that holding is inapplicable, because the amendment herein was one requested and denied after judgment, which con-

verted it into a special order made after final judgment. He cites the case of *Hernáiz, Targa & Co.* v. *Vivas,* 20 P.R.R. 99, wherein an order of this character is defined as "one which impairs a right in deciding a question not at issue in the action nor decided by the final judgment or which is in contravention of the provisions of the judgment."

Conceding, without holding, that the order involved could be characterized as a special order made after judgment, we find that the plaintiff did not follow the procedure indicated by the very decision on which he relies. Before the amendment could have been allowed, it would have been necessary for the plaintiff to move to be relieved from the judgment entered—a judgment which, by the way, was rendered with the consent of the plaintiff himself—as was done in the case of *Martínez* v. *Independence Indemnity Co.,* 36 P.R.R. 775, wherein section 140 of the Code of Civil Procedure was expressly invoked.

The decisions relating to the allowance of amendments after final judgment are summarized in Corpus Juris, thus:

"In the absence of statutory authority express or implied amendments of the pleadings cannot be made after judgment, unless such judgment has been vacated. But under statutory sanction such amendment may be permitted. This power, it is said, must be sparingly exercised, and in any event an amendment will be allowed only for the purpose of sustaining the judgment, and not for the purpose of reversing it. The allowance of amendments after judgment is always in the discretion of the court. Whether or not the power to allow amendments will be exercised depends in a large measure on the character of the proposed amendment and the conduct of the party asking the amendment. If he has been guilty of laches, the application should be denied. The allowance of a trial amendment after judgment is proper where the order was made before the trial. . . . .

"No amendment of the pleadings will be permitted after entry of judgment of dismissal or nonsuit, especially where the motion is made after adjournment of the term at which judgment of dismissal was rendered. And the better opinion seems to be that no amendment is permissible after judgment of dismissal or nonsuit has been

pronounced, although there are decisions holding that amendment is permissible at any time before the judgment is actually entered.'' 49 C. J. 483, 484, secs. 623–24.

For all the foregoing reasons it must be held that the appeal does not lie, as the order complained of is not appealable, and that even if it were, the appeal would always have to be dismissed as being frivolous, since the application for leave to amend could have been denied peremptorily or on the grounds set forth by the district court in its decision.

Appellee's motion must be sustained and, consequently, the appeal dismissed.

Mr. Justice De Jesús took no part in the decision of this case.