[Civ. No. 5289. First Appellate District, Division One.—March 17, 1927.]

## GEORGE SCHURMAN, Respondent, v. LOS ANGELES CREAMERY COMPANY, Appellant.

[1] NEGLIGENCE — COLLISION OF VEHICLES — FINDINGS—EVIDENCE.—In this action for damages alleged to have been sustained as a result of a collision between an automobile driven by plaintiff and defendant's milk wagon, the evidence was sufficient to sustain the findings of the trial court in favor of the plaintiff on the question of defendant's negligence.

[2] ID. — CONTRIBUTORY NEGLIGENCE — FINDING — EVIDENCE — APPEAL. In such action, the finding of the trial court that plaintiff was not guilty of contributory negligence will not, in view of the evidence, be disturbed on appeal.

[3] ID.—DEFENSE OF CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.— In such an action, the defendant has the burden of establishing the defense of contributory negligence unless such negligence clearly appears from the case of plaintiff.

[4] ID.—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW—HOW DETERMINED.—In order to determine, as a matter of law, that a party is guilty of contributory negligence, it must be clearly shown from the undisputed facts, judged in the light of common knowledge and experience, that the party has not exercised such care as men of common prudence usually exercise in positions of like exposure.

[5] ID. — EVIDENCE — CONTRIBUTORY NEGLIGENCE. — In such action, the evidence against the plaintiff should be so clear as to leave no room for doubt, and the facts such that the inference is irresistible, to justify the appellate court in determining, as a matter of law, plaintiff guilty of contributory negligence against the finding.

[6] ID. — NEW TRIAL — PROPER DENIAL OF. — In such action, the trial court did not err in denying defendant's motion for a new trial made upon the ground of newly discovered evidence, where such evidence was to a great extent wholly cumulative, and there was absolutely no showing that the same could not have been secured at the trial by the exercise of reasonable diligence, and it could have had no greater effect than to establish a conflict in the testimony.

(1) 29 C. J., p. 667, n. 9.   (2) 4 C. J., p. 880, n. 91.   (3) 29 C. J., p. 666, n. 89, p. 668, n. 13.   (4) 4 C. J., p. 881, n. 4.   (5) 4 C. J., p. 880, n. 94.   (6) 29 Cyc., p. 886, n. 5, p. 901, n. 59, p. 911, n. 94.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Elliot Craig, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Martin E. Geibel for Appellant.

C. F. Holland for Respondent.

3. Burden of proof as to contributory negligence, note, 33 L. R. A. (N. S.) 1085.  See, also, 19 Cal. Jur. 697; 20 R. C. L. 195.
5. See 19 Cal. Jur. 735; 20 R. C. L. 166.
6. Cumulative evidence as ground for new trial, note, L. R. A. 1916C, 1162.  See, also, 20 Cal. Jur. 94; 20 R. C. L. 295.

PARKER, J., *pro tem.*—This is an appeal from a judgment rendered in favor of plaintiff in an action for damages alleged to have been sustained as a result of a collision between an automobile driven by plaintiff and a milk wagon of defendant corporation. Plaintiff recovered judgment for the sum of $719.30, which included $50 as physician's fees and $69.30 for damages to his automobile.

Issue was joined on the question of defendant's negligence and on the amount of damage, and also defendant set up the contributory negligence of plaintiff as an affirmative defense. The case was tried before the court without a jury.

[1] The first contention of appellant is that the evidence is insufficient to sustain the findings of the court on the question of defendant's negligence.

Plaintiff testified as follows: "I was traveling in a westerly direction and on the north side of the highway. I was going about twelve or fifteen miles per hour when I struck something. I did not know what it was. I heard two horses jump and then I saw the wagon. I hit the hind wheel of the wagon because the wagon was standing across the highway. I saw the driver of the wagon laying on the ground. He told me that he was passing a machine that was standing on the right-hand side of the road from him, and that he had passed that and was going over to his side of the road. I was on the north side of the road going west. He, the driver of the wagon, was on the south side, but the hind part of his wagon was standing crosswise on the boulevard north of the middle of the road. My lights were lit and it was about an hour and a quarter after sundown. The defendant's wagon had no light and I was unable to see the wagon before I hit it. As the result of the injury I suffered much pain and sustained various injuries."

One Shipman, who was seated in the car of plaintiff, next him, at the time of the accident, testified substantially as did plaintiff. He saw a lantern, but knew it was not lit.

The driver of the wagon testified that it was loaded with full milk cans; about fifteen cans, each containing two hundred pounds of milk. He testified that if he had been on the right-hand side of the road he would not have been hit, and that his being on the wrong side caused the collision.

It is not necessary to present herein a statement of the testimony submitted by defendant, for, as far as this court is concerned, it is sufficient if there be found in the record—as we find herein—in support of the findings testimony characterized by no such inherent weakness, or upon its face so wanting in probative force, as to warrant the conclusion that as a matter of law it cannot uphold the conclusions of fact upon which the judgment is predicated (*Stohlman* v. *Martin,* 28 Cal. App. 339 [152 Pac. 319]). Not only is the evidence adduced by plaintiff sufficient to sustain the findings, but the evidence of the defendant is not in direct conflict as to the facts. Defendant by its witnesses endeavors to demonstrate by argumentative process the fact that the accident could not have happened as plaintiff relates it.

It is always a difficult matter to try and explain an accident. Common experience indicates that many things actually happen that upset all prior ideas of relativity. In accidents the laws of nature seem to suspend themselves for the time, and peculiar and unexplainable results follow. In this case the theories of the defendant were not satisfactory or convincing to the learned trial judge; and there seems nothing so compelling about them to warrant this court in attempting to speculate upon the oddities of an accidental occurrence.

[2] Appellant next urges that even if defendant was negligent the plaintiff, by his own negligence, proximately contributed to the accident, and that the collision was the result of plaintiff's own carelessness and negligence.

[3] Of course defendant has the burden of establishing this defense unless it clearly appears from the case of plaintiff. Appellant urges that respondent was guilty of contributory negligence as a matter of law from his own statement of the occurrence, and that such contributory negligence was the proximate cause of the injury. It is appellant's claim in this behalf that if plaintiff was traveling at the rate of twelve to fifteen miles per hour with his headlights on he must have seen the wagon of appellant in ample time to stop before the collision, and that his failure so to do precludes his recovery. The admitted fact, incidentally, is that appellant's wagon was not directly in the course of respondent's lights, but just over the center of the

highway and moving toward respondent. Appellant asks the court to determine, as a matter of law, that a person traveling the highway at night must see every object on his half of the highway in face of the fact that automobile engineers and manufacturers are expending vast sums of money in extensive research to develop lights that will measure up to appellant's requirements, and have so far been but partly successful. In order that this court could determine, as a matter of law, that respondent was guilty of contributory negligence much more is required than would be sufficient in the trial court to sustain a finding of fact to the same effect. [4] It must be clearly shown from the undisputed facts, judged in the light of common knowledge and experience, that a party has not exercised such care as men of common prudence usually exercise in positions of like exposure (*Nehrbas* v. *Central Pacific R. R. Co.*, 62 Cal. 320). [5] The evidence against the plaintiff should be so clear as to leave no room for doubt, and the facts such that the inference is irresistible, to justify this court in determining, as a matter of law, plaintiff guilty of contributory negligence against the finding (*Schneider* v. *Market St. R. R.*, 134 Cal. 487 [66 Pac. 734]). In the instant case we will not disturb the trial court's finding on that question.

Appellant further claims that the court erred in denying his motion for a new trial.

[6] Aside from the sufficiency of the evidence, already passed on herein, appellant urged the ground of newly discovered evidence.

The evidence presented was to a great extent cumulative, and there was absolutely no showing that the same could not have been secured at the trial by the exercise of reasonable diligence. The remaining evidence alleged to have been newly discovered could have had no greater effect than to establish a conflict in the testimony, and there appears therefrom not the slightest probability that, had it been available, the result would have been different. In passing it might also be said that it is not apparent that the findings of the court were adverse to appellant on the issues to which this newly discovered evidence might be directed. Explanatory of this, the new evidence went mainly to plaintiff's period of unemployment and the read-

ing of certain X-ray plates in evidence. The court in its finding based its damages upon pain and suffering and impaired earning power.

Finding no error, the judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.