[Civ. Nos. 5447, 5448.   First Appellate District, Division One.— May 25, 1927.]

## CARLO GIORGETTI, Respondent, v. F. H. WOLLASTON et al., Appellants.

[1] NEGLIGENCE—COLLISION OF AUTOMOBILE AND TRUCK—CARE—EVIDENCE—FINDINGS.—In an action for damages for personal injuries resulting from a collision of defendants' automobile with plaintiffs' truck, which was standing on the right-hand side of the highway at night with the left wheels resting six or seven inches from the edge, where the right of the highway was clear and the lights of defendants' automobile were in good condition, the failure of the driver of defendants' car to observe the truck at a greater distance than forty feet authorized a finding of want of due care in exercising the duty to proceed carefully and to be on the alert to avoid colliding with others.

[2] ID.—HUSBAND AND WIFE—PERSONAL INJURIES TO WIFE—ACTIONS— COMMUNITY PROPERTY.—A right of action for personal injuries to the wife is community property.

[3] ID.—NEGLIGENCE OF HUSBAND PROXIMATELY CONTRIBUTING TO INJURIES TO WIFE—REMEDIES.—Though under section 370 of the Code of Civil Procedure the wife may sue alone, yet, if the husband's

---

2. Damages for personal injuries as community property, note, 126 Am. St. Rep. 119.  See, also, 5 Cal. Jur. 306; 13 Cal. Jur. 891; 5 R. C. L. 843.

3. Contributory negligence of one spouse as bar to recovery for injuries to other, notes, Ann. Cas. 1912A, 647; 22 L. R. A. 460; 8 L. R. A. (N. S.) 656.  See, also, 13 Cal. Jur. 891; 13 R. C. L. 1437. Imputed negligence of husband and wife, note, 110 Am. St. Rep. 286.  See, also, 20 R. C. L. 152.

negligence proximately contributed to her injuries, the right of either or both to recover is barred.

[4] ID. — FAILURE TO PERFORM DUTY IMPOSED BY LAW—CONTRIBUTORY NEGLIGENCE. — Failure of any person to perform a duty imposed upon him by law raises a presumption of negligence, and if such negligence proximately contributes to his injury he cannot recover.

[5] ID.—PRESUMPTIONS — EVIDENCE. — The presumption of negligence from failure to perform a duty imposed by law is not conclusive, but may be overcome by evidence that the failure was excusable or justifiable under the circumstances and not inconsistent with the exercise of due care.

[6] ID. — FAILURE TO REMOVE AUTOTRUCK FROM HIGHWAY WHILE UNDERGOING REPAIRS — CONTRIBUTORY NEGLIGENCE — EVIDENCE — QUESTION FOR JURY. — In such action, where plaintiffs stopped their autotruck for the purpose of adjusting the lights, whether the failure to remove the vehicle entirely from the highway, as required by subdivision w of section 20 of the Motor Vehicle Act (Stats. 1919, p. 206), was excusable under the circumstances, or, if not, whether the failure or omission to maintain a rear light thereon, as required by subdivision a of section 13, proximately contributed to the injuries, were questions which, in view of the evidence, were properly submitted to the jury.

[7] ID.—FAILURE TO SEE OCCUPANT OF TRUCK—CONSEQUENTIAL DAMAGES.—In such action, where the driver of defendants' car saw the truck in which one of the plaintiffs was seated and was negligent in failing to avoid the collision, it was immaterial that he failed to see the occupant thereof, as he was, in consequence of his negligence, responsible for all the damage proximately caused thereby, whether it could be anticipated or not, under section 3333 of the Civil Code.

[8] ID.—LAST CLEAR CHANCE. — The doctrine of last clear chance applies only from the time defendant actually sees plaintiff's perilous position and not from a time when it might be said that he ought to have observed it. (Opinion of supreme court on denial of hearing.)

[9] ID.—LAST CLEAR CHANCE—PROPER APPLICATION OF DOCTRINE.—In this action for damages for personal injuries resulting from a collision between an automobile and a truck, it is held, after an

4. See 20 R. C. L. 10.

7. Application of last clear chance doctrine to stopping and leaving vehicle in dangerous place in street, note, Ann. Cas. 1917C, 1239.

9. Origin, function and mode of operation of doctrine of last clear chance, note, 55 L. R. A. 418. See, also, 19 Cal. Jur. 655; 20 R. C. L. 142.

examination of the record on appeal, that proper application of the doctrine of last clear chance was made by the trial court and jury. (Opinion of supreme court on denial of hearing.)

(1) 42 C. J., p. 1017, n. 41, p. 1233, n. 27. (2) 31 C. J., p. 25, n. 84. (3) 42 C. J., p. 1181, n. 37; 29 Cyc., p. 543, n. 14. (4) 29 Cyc., p. 526, n. 95. (5) 29 Cyc., p. 606, n. 77. (6) 42 C. J., p. 1263, n. 43. (7) 42 C. J., p. 1271, n. 49. (8) 42 C. J., p. 887, n. 67. (9) 42 C. J., p. 1182, n. 59.

APPEALS from judgments of the Superior Court of Alameda County. Mortimer Smith, Judge. Affirmed.

The facts are stated in the opinion of the court.

Louis V. Crowley for Appellants.

Earl Warren, Ralph E. Hoyt and Henry G. Tardy for Respondents.

CASHIN, J.—Appeals from the judgments entered in two separate actions for the recovery of damages for personal injuries suffered by respondents in the same accident, and which are alleged to have been caused by appellants' negligent operation of an automobile.

By stipulation the actions were tried together and the appeals presented on the same transcript.

Respondents are husband and wife, and appellant Wollaston, at the time of the accident, was the employee of and operating an automobile owned by appellant corporation. The accident occurred at about 9 o'clock P. M. on January 20, 1922, at a point on the public highway between Irvington and Centerville, in Alameda County. The highway, which there runs north and south, is paved with concrete, the width of the pavement being eighteen feet. Respondents shortly before the accident had been riding in a Ford truck, operated by the husband, and were proceeding north along the highway. The truck was equipped with lamps in front but carried no light in the rear. The lamps having through some defect commenced to grow dim the truck was stopped, according to the testimony of respondents, on the right-hand side and off the paved portion of the highway, with the exception that the left wheels rested thereon six or seven inches from the edge. The husband alighted from

the truck, his wife remaining seated therein, adjusted the lamps, the time consumed in so doing being from seven to ten minutes, and then passed around the vehicle on the side resting on the pavement to the rear. He was there struck by the automobile operated by appellants, which approached from the south. The automobile also collided with the truck. and as the result of the collision both of the respondents suffered physical injuries. Photographs taken at the scene of the accident in June, 1923, show that it would then have been possible to remove a truck completely off the pavement before stopping, but the testimony is conflicting as to whether this would have been practicable on the night of the accident owing to the condition of the unpaved portion of the highway at that season, it being also testified by one of the respondents that a ditch then existed to the east and near the pavement. The witnesses agree that the night, though dark, was clear, and that the highway followed a straight course in each direction from the place of the accident. It was testified by appellant Wollaston that he approached at a speed of twenty-five miles per hour, that his lights were in good condition, that he first observed the respondent husband and the truck when between thirty-five and forty feet away, and that his car was traveling on the east side and from twelve to eighteen inches from the edge of the pavement; that a third automobile was approaching from the north, the lights of which had been visible for a quarter of a mile, and which at the time the truck was first seen by the witness was coming to a standstill on the west side of the highway at a point about sixty feet north of the truck; that after the truck was first seen the lights from the third car interfered with the view of the witness, but that immediately upon seeing the obstruction he applied his foot-brake, but not the emergency-brake, the course of the automobile so far as appears not being changed.

It is contended by appellants that the court erred in giving certain instructions to the jury; that the only conclusion reasonably to be drawn from the evidence was that respondents alone were negligent, and that the evidence was insufficient to justify the submission to the jury of the issue as to whether appellants had the last clear chance to avoid, and were wanting in ordinary care in failing to avoid, injuring respondents.

[1] It was the duty of appellant Wollaston to proceed carefully and to be on the alert to avoid colliding with others (*Lampton* v. *Standard Bread Co.,* 48 Cal. App. 116 [191 Pac. 710]) ; and while his testimony that he did not see the truck was uncontradicted, yet in view of the fact that the night was clear and his lights in good condition, the jury might reasonably have believed that his failure to observe the obstruction at a greater distance was a want of due care, and this conclusion would not be rendered unreasonable by their acceptance of his testimony that his view was temporarily cut off by the lights of the third car, as it fairly appears therefrom that this occurred after he had observed the truck and one of the respondents near it.

The acts of respondent husband in operating and permitting the truck to remain on the highway at the hour shown, unequipped with a rear light of the kind prescribed by subdivision a of section 13 of the Motor Vehicle Act (Stats. 1915, p. 405, as amended by Stats. 1919, p. 206), was a violation of law; and by subdivision w of section 20 of the same act it is also made unlawful to leave or permit to be left standing on the main traveled portion of any public highway a vehicle undergoing repairs or which has been stopped for the purpose of having repairs made thereon, unless such vehicle shall have been disabled on the main traveled portion of the highway in such manner and to such an extent that it shall be impossible to avoid stopping thereon and impracticable to remove the same therefrom until repairs shall have been made.

[2] A right of action for personal injuries to the wife is community property (*Lamb* v. *Harbaugh,* 105 Cal. 680 [39 Pac. 56] ; *McKune* v. *Santa Clara etc. Co.,* 110 Cal. 480 [42 Pac. 980] ; *Moody* v. *Southern Pacific Co.,* 167 Cal. 786 [141 Pac. 388]) ; [3] and though as provided by statute she may sue alone (sec. 370, Code Civ. Proc.), yet if the negligence of her husband proximately contributed to her injuries the right of either or both to recover is barred (*Basler* v. *Sacramento etc. Co.,* 158 Cal. 514 [Ann. Cas. 1912A, 642, 111 Pac. 530] ; *Dunbar* v. *San Francisco & Oakland T. Rys.,* 54 Cal. App. 15 [201 Pac. 330]).

[4] The defect in the headlights of the truck, which led respondents to stop, was, as fairly appears from their testimony, due to a condition which developed a few minutes

before the car was stopped and was not caused by a lack of due care on their part; but the absence of lights either in front or in the rear rendered the operation of the truck at the hour mentioned unlawful, and it was the duty of respondents to remove the same from the main traveled portion of the highway (Motor Vehicle Act, secs. 13 and 20 (w). The failure of any person to perform a duty imposed upon him by law raises a presumption of negligence; and if such negligence proximately contributes to his injury he cannot recover (*McKune* v. *Santa Clara etc. Co.*, 110 Cal., p. 486 [42 Pac. 980]; *Berkovitz* v. *American River Gravel Co.*, 191 Cal. 195 [215 Pac. 675]; *Shimoda* v. *Bundy*, 24 Cal. App. 675 [142 Pac. 109]). [5] This presumption, however, is not conclusive, but may be overcome by evidence that the failure was excusable or justifiable under the circumstances and not inconsistent with the exercise of due care (*Berkovitz* v. *American River Gravel Co., supra; Cragg* v. *Los Angeles Trust Co.*, 154 Cal. 663, 667 [16 Ann. Cas. 1061, 98 Pac. 1063]; *Harris* v. *Johnson*, 174 Cal. 55 [Ann. Cas. 1918E, 560, L. R. A. 1917C, 477, 161 Pac. 1155]; *Dewhirst* v. *Leopold*, 194 Cal. 424 [229 Pac. 30]; *Western Indemnity Co.* v. *Wasco Land & Stock Co.*, 51 Cal. App. 672 [197 Pac. 390]; *Graybiel* v. *Auger*, 64 Cal. App. 679 [222 Pac. 635]; *Mitsuda* v. *Isbell*, 71 Cal. App. 221 [234 Pac. 928]).

[6] In the present case it does not appear that the time consumed in adjusting the lamps was unreasonable, and, as stated, there was testimony which, if believed by the jury, tended to show that the condition of the highway east of the pavement was such at the time of the accident as to render it impracticable to remove the truck farther in that direction. No reason, however, was shown for the failure to maintain a light on the rear of the truck, and either violation of the statute unexcused, if proximately contributing to the injuries, would bar a recovery, unless appellants, having knowledge of respondents' peril, had the last clear chance to avoid, and by the exercise of ordinary care could have avoided, the injuries. Whether the failure to remove the vehicle entirely from the pavement was excusable under the circumstances, or if not, whether such failure or the omission to maintain a tail-light proximately contributed to the injuries, were questions which in view of the evidence were

properly submitted to the jury (*Graybiel* v. *Auger, supra; Western Indemnity Co.* v. *Wasco Land & Stock Co., supra; Mitsuda* v. *Isbell, supra*), and were so submitted by instructions which fully and correctly stated the law, and we cannot say that the evidence was insufficient to support a conclusion favorable to plaintiffs on any of the issues presented.

It is contended that in view of the evidence the last clear chance doctrine had no application, and that the court erred in submitting the issue to the jury. As stated above, the width of the pavement was eighteen feet, and the third car mentioned was sixty feet north of the truck, where, according to the testimony of Wollaston, it had practically come to a stop, this witness further testifying that upon discovering the position of the truck he failed to apply his emergency brake or swerve to the left. This evidence with that as to the speed of the latter's car and the distance of the truck from the center of the highway sufficiently raised the issue as to whether appellants had the last clear chance to avoid the injuries and were negligent in failing to do so. No error is shown in the instructions presenting this issue, and a finding thereon adverse to appellants would be fairly sustained.

[7] It is further claimed that respondents by the exercise of ordinary care could have extricated themselves from their dangerous position, and that the evidence was insufficient to show that appellant Wollaston knew of the danger to either.

It is clear that Mrs. Giorgetti was wholly unaware of the danger from appellants' car; and as to her husband the jury might reasonably have inferred that after becoming aware of his peril he was unable by the exercise of due care to escape it. Furthermore, appellant Wollaston saw the latter and the truck in which Mrs. Giorgetti was seated, and was thereafter, as impliedly found by the jury, negligent in failing to avoid the collision. That he failed to see Mrs. Giorgetti is immaterial, as he was, in consequence of his negligence, responsible for all the damage proximately caused thereby whether it could be anticipated or not (Civ. Code, sec. 3333).

Appellant further criticises certain instructions (one of which contains an obvious verbal inaccuracy) in which, it is urged, the law was incorrectly stated. None, however, can

fairly be said to have been misleading or, if erroneous, prejudicial.

It appearing that the verdicts were fairly sustained by the evidence, and no error being shown which can reasonably be said to have resulted in a miscarriage of justice in either case, the judgments appealed from are affirmed.

Tyler, P. J., and Knight, J., concurred.

[A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 22, 1927, and the following opinion then rendered thereon:

THE COURT.—The petitions for hearing in this court are denied.

[8] However, in the discussion of the application of the doctrine of last clear chance the district court of appeal seems to hold that the jury under the evidence might conclude that the defendant Wollaston, by the exercise of due care, might have observed the plaintiffs' car at a greater distance, notwithstanding the positive and uncontradicted evidence of when he first saw that car. If that portion of the opinion be so construed it is not approved. The doctrine applies only from the time the defendant actually observes the plaintiff's perilous position and not from a time when it might be said that he ought to have observed it (*Thompson* v. *Los Angeles etc. Ry. Co.*, 165 Cal. 748, 754, [134 Pac. 709]; *Palmer* v. *Tschudy*, 191 Cal. 696 [218 Pac. 36]). [9] Notwithstanding our disapproval of that portion of the opinion we are satisfied from an examination of the record that the proper application of the doctrine of last clear chance could be and was made by the trial court and jury.