[Civ. No. 3572. Third Appellate District.—October 4, 1928.]

GUST BAKOS, Appellant, v. SHELL COMPANY OF CALIFORNIA et al., Respondents.

Carleton & Keating and Theodore E. Bowen for Appellant.

George H. Moore for Respondents.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by plaintiff Gust Bakos from a judgment of nonsuit in an action brought by him against the defendants for damages for the death of his minor son.

The complaint alleges that R. T. Kelly operated a heavy automobile oil truck belonging to defendant Shell Company of California, to which was attached a trailer in such a careless and negligent manner as to cause said trailer to collide with said minor child, Jimmie Bakos, who at said time was standing near the pavement of the road, awaiting an opportunity to cross the road in order to reach his home, which was on the opposite side of the road.

The answer of defendants denies any negligence on their part and pleads contributory negligence on the part of the deceased child. The answer also pleads negligence on the part of plaintiff in permitting said child to be upon the streets or roads unattended.

The evidence shows that plaintiff's son, Jimmie Bakos, was a child of the age of six and a half years. Between 2 and 3 o'clock on the afternoon of June 2, 1925, Jimmie Bakos, in company with a smaller boy, ran across the school yard towards the traveled and paved highway, leading from the city of Los Angeles to the town of Compton. The boys came to a complete stop about three feet from the edge of the pavement to permit a large Mack truck, with an eighteen-foot trailer attached to the rear end thereof, to pass in front of them. This truck and trailer belonged to defendant Shell Company of California. The truck was driven by the defendant Kelly on the right-hand side of the paved portion of the highway and about two feet from the edge of the pavement, towards the town of Compton, and at a speed of between twelve and fourteen miles an hour. The children did not move, but continued to stand in the same place, off of the paved portion of the road, while the truck and trailer were passing in front of them. The deceased, Jimmie Bakos, was struck by the trailer and the rear wheels of it passed over his body, killing him almost instantly.

Kelly, the driver of the truck, testified that he knew the school was located at that place and that he saw the children come across the school yard and approach the highway

in front of him, but that they were twelve feet away when his truck passed them.

The case was being heard by a jury, and at the conclusion of plaintiff's evidence the defendants moved for a nonsuit upon the ground that the evidence showed no negligence upon the part of defendants. This motion was granted and a judgment of nonsuit entered.

We are of the opinion that the trial court committed error in granting this motion.

■ The court's power and limitations, with reference to the granting of a nonsuit, are clear and well defined. The motion admits the truth of plaintiff's evidence, and every inference which can be legitimately drawn therefrom, and upon such motion the evidence should be interpreted most strongly against the defendants. (*Stieglitz* v. *Settle,* 175 Cal. 131 [165 Pac. 436]; *Goldstone* v. *Merchants' Ice & Cold Storage Co.,* 123 Cal. 625 [56 Pac. 776]; *Estate of Arnold,* 147 Cal. 583 [82 Pac. 252]; *Anderson* v. *Wickliffe,* 178 Cal. 120 [172 Pac. 381]; *Berger* v. *Lane,* 190 Cal. 452 [213 Pac. 45]; *Bloom* v. *Allen,* 61 Cal. App. 28 [214 Pac. 481]; *Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335 [208 Pac. 125].) ■ Here there is evidence of an eye-witness to the fatal accident, which shows that the truck and trailer approached the scene of the accident "at a fast rate of speed" and that "the trailer was zig-zagging and raising dust," and that "the rear end of the trailer became entangled with the boy's clothing" as he stood two or three feet off of the paved portion of the highway, in such a manner as to cause the rear wheels of the trailer to pass over his body. This evidence was given by the witness Rosa Abarissio, a Mexican woman, and given through an interpreter. She testified in part as follows: "Q. How far was Jimmie (deceased) from the paved portion of the street when you first saw him? A. About three feet back. Q. How soon after you saw Jimmie did you see him struck? A. The child arrived first and stopped and waited for the truck to pass. Q. Did you see Jimmie standing still or moving when you saw him first? A. He was standing still for the truck to pass. Q. Did Jimmie move from the time you saw him standing beside the road until he was hit? A. He didn't move, no, sir. The Court: Ask her again; go ahead and finish your question. Did he move or didn't he move?

A. He did not move until the trailer struck him. Q. Did the trailer move in any direction except straight ahead behind the truck before it hit Jimmie? A. *The truck was going straight ahead and the trailer was zig-zagging (indicating) and Jimmie was standing still.* Q. And the next thing you saw was Jimmie on the pavement under the hind wheel of the trailer, isn't that true? A. I saw him when he became entangled by his clothes and turned him around (indicating), he fell. Q. Did the truck or trailer make any dust at that time that you observed? A. Yes, sir.''

From this evidence, alone, the jury could have reasonably inferred negligence on the part of defendants in the operation of their truck and trailer. The jury could have drawn the inference from this evidence that defendants were negligent in the following particulars: (1) That the truck and trailer were being driven at an excessive rate of speed; (2) That the truck and trailer were being driven too close to the edge of the pavement; (3) That the truck was permitted to sway from side to side; and (4) That the coupling machinery or equipment was faulty. These were all questions of fact to be passed upon by the jury.

■ Respondents contend that it was physically impossible for this witness, Rosa Abarissio, to have seen what she testified to, because she was standing on the east side of the road in her yard, and that the truck and trailer passed between her and the boy, and that the flat platform of the truck and trailer would be entirely above the head of the boy and would obstruct her view. This, also, was a question of fact for the jury to determine. This woman, however, further testified that the ground where she was standing in her yard was three or four feet higher than the level of the road and that she could see the boy on the other side of the truck and trailer. She also testified positively that she saw the boys standing by the pavement as the truck approached them and the next thing she saw was Jimmie under the rear wheel of the trailer.

■ Respondents further contend that the only legitimate inference that can be drawn from the testimony in this case is that this child impetuously and thoughtlessly ran from a position of safety immediately to his death. It is true that Kelly, the driver of the truck, testified that the boys stopped about twelve feet from the truck and were stopped at the

time he passed them, and that he did not know the boy had been injured until some time thereafter, but on a motion for a nonsuit, contradictory evidence must be disregarded.

In *Berger* v. *Lane, supra,* the court laid down this rule as to how evidence should be viewed in the face of a motion for a nonsuit as follows: ''Every favorable inference fairly deducible and every favorable presumption fairly arising from the evidence adduced must be considered as facts proved in favor of the plaintiffs. Where evidence is fairly susceptible of two constructions, or if one of several inferences may reasonably be made, the court must take the view most favorable to the plaintiffs. If contradictory evidence has been given it must be disregarded. (*Estate of Arnold,* 147. Cal. 583 [82 Pac. 252].) The plaintiff must also be given the benefit of every piece of evidence which tends to sustain his averments, and such evidence must be weighed in the light most favorable to plaintiff's claim. Evidence, whether erroneously admitted or not, if relevant to the issues joined, must be given the credit and benefit of its full probative strength, and any question arising from the fact of variation between the evidence of the witnesses cannot be raised or considered. The evidence must be taken most strongly against the defendant, and if the plaintiff has introduced proof sufficient to make out a *prima facie* case under the allegations of his complaint the motion, if made upon the close of the case, should be denied.''

If it be conceded that the testimony given by Mrs. Abarissio is in itself contradictory, still, viewing the entire case in the light of the foregoing well-established rules, we see no escape from the conclusion that the motion for a nonsuit should have been denied.

The judgment is reversed.

Plummer, J., and Finch, P. J., concurred.