[Civ. No. 6451. First Appellate District, Division Two.—June 8, 1929.]

ELIZABETH MESNICKOW et al., Respondents, v. K. E. FAWCETT et al., Defendants; S. CATELLI, Appellant.

Gillis & Edwards for Appellant.

Forrest M. Pearce for Respondents.

NOURSE, J.—Three separate actions were instituted against a number of defendants for personal injuries incurred in an automobile collision. The three actions were consolidated for trial, by stipulation, before the court sitting without a jury. Separate judgments were rendered in favor of each of the three plaintiffs and against the defendant Catelli alone. This defendant has appealed on typewritten transcripts and, by stipulation, these appeals are heard under the title designated above.

The three plaintiffs were riding in a Studebaker automobile as the business guests of Mrs. K. E. Fawcett at about 7:30 P. M. of the evening of November 10, 1926, on a public highway about three miles north of the town of Windsor in Sonoma County. Preceding them on the same highway the defendant Catelli had driven a Chevrolet truck in the same direction. He found he was having trouble with the motor of the truck, and, fearing that he was out of gas, pulled off to the right side of the highway, stopped and went back to the gas tank to test the gas. While the truck was thus standing in this position the defendant Fawcett, traveling at a rate of twenty-five or thirty miles an hour, crashed into it causing the injuries to the passengers for which they sued. Mrs. Fawcett was joined with Catelli as a party defendant.

The trial court found that the defendant Catelli was negligent in parking the truck on the side of the highway and that the defendant Fawcett was neither careless nor negligent in the manner in which she operated the Studebaker car. The appeals from the several judgments are based upon these findings. Particular criticism is made of the finding of want of negligence on the part of defendant Fawcett. The evidence is that she was traveling on a public highway which gave a straight stretch of more

than a mile before the point of collision. She claimed she had been blinded by the headlights of another car passing in the opposite direction which came around a curve in the highway just prior to the collision. But this curve was shown to have been a quarter of a mile beyond the point of collision. She had, therefore, ample warning of the approaching danger caused by the blinding lights. When confronted by such conditions it is the duty of the operator to use more than ordinary care to avoid striking objects on his path which are temporarily hidden from his view. Such is the rule of *Giorgetti* v. *Wollaston*, 83 Cal. App. 358 [257 Pac. 109], upon an almost identical state of facts. There was, therefore, evidence which would have sustained a finding of negligence on the part of this defendant.

However, though the plaintiffs might all have had judgment against the defendant Fawcett because of her negligence, this does not avail the appellant Catelli at this time unless he can show that the respondents, by their failure to act in the premises, were guilty of contributory negligence. This he has failed to do. The respondents were merely invited guests having no control over the operation of the car in which they were riding (*Shields* v. *King*, 207 Cal. 275 [277 Pac. 1043]); and, beside this, the danger caused by the "blinding" of the passing lights was so sudden, and in such close proximity to the collision, that they had no opportunity to warn the driver before the collision occurred.

On the issue of appellant's negligence the evidence was sharply conflicting. Witnesses testified that he had pulled the truck off the highway to the edge of a ditch and that when he started out on his journey, some time prior to the collision, the tail-light on the truck was burning. Other witnesses testified that this light was not burning at the time of the collision and that the truck was standing partially on the paved portion of the highway. The duty of a driver in parking on a public highway outside of the business or residence district is fixed by section 136 of the Motor Vehicle Act. He must move it off the paved or traveled portion of the highway "when it is practicable" to do so, and must leave a clear and unobstructed width of fifteen feet upon the main portion of the highway opposite the parked vehicle for the free

passage of other vehicles. There was testimony which would have supported a finding favorable to appellant on this issue, but there was also some evidence supporting the finding of negligence. Under these conditions the judgment cannot be disturbed.

Some comment should be made upon the amount of the several judgments. The three respondents suffered "cuts and bruises" of varying degree. The trial court awarded the respondent Mesnickow $122, the respondent Barncs $711.60 and the respondent Sundberg $315.35. These awards were in accord with the statutory measure of damages in cases of this character as "the amount which will compensate for all the detriment proximately caused." (Sec. 3333, Civ. Code.) In view of the constant flow of "sympathy" verdicts coming to us arising out of motor vehicle collisions it is a hopeful sign to note a trial judge mindful of this statutory injunction.

The judgments are affirmed.

Sturtevant, J., and Koford, P. J., concurred.