[Civ. No. 7324.   First Appellate District, Division One.—December 1, 1930.]

J. DEPAOLI et al., Respondents, v. WILLIAM J. CLAUS, Appellant.

Kirkbride, Wilson & Brooks for Appellant.

Ross & Ross and Norman S. Manifee for Respondents.

THE COURT.—This action was brought to recover damages for injuries to and loss of use of an automobile truck. The defendant filed a cross-complaint for damages for personal injuries and for injuries to his automobile. The litigation grew out of a collision between the vehicles mentioned at a point on the main San Jose-San Francisco highway, which will be hereinafter referred to as the highway, near its intersection with Euclid Avenue in San Bruno. It was stipulated that if plaintiffs were entitled to recover, such recovery should be in the sum of $522.02 for repairs to the truck with whatever amount they might prove they were damaged by loss of its use; further, that if the defendant was entitled to a verdict he should recover $400 as special damages with whatever general damages, including loss of time, he might prove. A jury found the verdict in favor of plaintiffs for $600. A motion for a new trial was denied, and defendant has appealed from the judgment entered upon the verdict. He contends that the verdict is unsupported; that the court erred in denying his motion for a new trial, in certain of its rulings on the admissibility 'of evidence, and in its instructions to the jury.

The truck, which was 24 feet long, weighed with its load about eight tons. It was equipped with acetylene headlights, which were attached to the dashboard between five and six feet from the ground. The hood, the radiator, the frame and the bumper all protruded beyond the dashboard. The truck was also equipped with two oil lights in the rear. The automobile was a model T Ford sedan, and was being driven south along the highway. The collision happened at about 1:45 A. M. on December 4, 1928, and there were no eye-witnesses except the drivers of the respective vehicles. The driver of the truck testified that he drove the same with all the lights burning, from a private driveway on the west to the east side of the highway, his intention being to proceed north to San Francisco. The highway at that point is 40 feet wide, and is divided into four traffic lanes, marked on the pavement, each 10 feet in width, the two adjoining the edges of the pavement being the slow traffic lanes and the two in the middle of the highway being used for fast traffic. The truck driver further testified that he stopped before attempting to cross the highway and looked to the north and south. There were no vehicles approaching from the south, but he saw defendant's automobile coming from the north about 600 feet away. He then crossed to the east side of the highway and proceeded north. When the automobile, which, according to this witness, was traveling between 40 and 50 miles per hour, reached a point about 100 feet north of the truck, it turned to its left across the highway and struck the front end of the truck, tearing off the bumper, bending the front portion of the frame and injuring the motor. According to the defendant the automobile was proceeding along the extreme westerly portion of the pavement at a speed of about 20 miles per hour, when the truck suddenly appeared, and the collision occurred before he had an opportunity to apply his brakes or change his course. According to the testimony of a traffic officer who arrived on the scene about 15 minutes after the collision he found the truck facing north, about midway between the east line of the slow and the west line of the fast traffic lane on the east side of the highway, and the automobile off the pavement to the east and about eight feet from the truck. The officer also testified that he found broken glass on both sides of the middle line of the pavement and that

skid marks were visible on the dividing line between the south-bound slow and fast traffic lanes immediately north of the broken glass. There was also the testimony of a witness to a conversation with the driver of the truck after the collision, from which the negligence of the latter might be inferred. The driver, however, denied the correctness of the witness' version of the conversation.

■ While the driver of a vehicle entering a public highway from a private road or drive must yield the right of way to all vehicles approaching on the highway (Motor Vehicle Act, sec. 131, Stats. 1925, p. 412), here, according to the driver of the truck, the automobile was several hundred feet away when the truck crossed and the collision was not due to any failure to observe the above provision. There was nothing inherently improbable in the testimony of this witness when considered in connection with the physical conditions disclosed by the evidence. The jury believed his account of the affair, and his credibility was a question for their determination exclusively. (Code Civ. Proc., sec. 1847.) The evidence must be viewed in the light most favorable to support the verdict, and though different inferences might be drawn from the evidence a finding by the jury either way thereon is conclusive on appeal (*Aronson & Co.* v. *Pearson,* 199 Cal. 295 [249 Pac. 191]).

■ Objection to a question propounded on the cross-examination of the driver of the truck, but which had been previously asked and answered, was sustained, and the defendant on cross-examination was permitted to state the distance within which he could stop his car, the objection to the last question being that there was no evidence that he attempted to do so. There was no error in the first ruling, and the second, if erroneous, was not prejudicial.

■ A witness for the defendant was asked to mark on a diagram of the physical conditions at the scene of the collision the spot where broken glass was found. The court suggested that defendant had already shown this, and that the plaintiff would probably not offer evidence in this connection. The defendant did not press the question and plaintiff offered no evidence on the point. The testimony, although corroborative, was not such that its exclusion can reasonably be said to have prejudiced the defendant.

■ The defendant offered two instructions with reference to proximate cause, which were refused. The court nevertheless fully instructed the jury on this subject, and the refusal was not error. ■ The court charged the jury that "at the time of the accident herein subdivision a of section 113 of the Motor Vehicle Act of the state provided that any person driving a vehicle on the public highways of this state shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and no person shall drive any vehicle upon a public highway at such a speed as to endanger the life, limb, or property of any person". This was given at defendant's request and was part of a proposed instruction which contained the following, which the court refused: "You are instructed that this provision of the section is just as much a portion of the law as that which allowed a speed of 40 miles per hour under certain specified conditions at the time of the accident herein. Therefore if you find on a preponderance of the evidence that under the particular circumstances of this case E. Bacigalupi drove on the highway at a time which was not reasonable and proper or careful or prudent or which endangered the life, limb, or property of any person, then as a matter of law he was guilty of negligence." While the rejected portion of the proposed instruction was not improper, it added nothing material to the instruction as given and its refusal was not erroneous; and the same is true of another similar instruction offered by the defendant.

Defendant also offered the following instruction, which was refused: "You are instructed that the law does not require that a person driving on the highway at night must see every object on his half of the highway." While as impliedly held in *Schurman* v. *Los Angeles Creamery Co.*, 81 Cal. App. 758 [254 Pac. 681], the offered instruction as an abstract statement of law was correct, here it appears that defendant could see objects in front for a distance of 40 to 50 feet, but according to his testimony he was traveling about 20 miles per hour when at a point within five feet from the driveway the truck suddenly emerged therefrom. Under these circumstances, that he was not bound to have observed the trunk before is self-evident, and re-

quired no instruction, while on the other hand, if the truck driver's account was true, the proposed instruction had no application and its refusal was not prejudicial.

The verdict was supported by the evidence, and after an examination of the entire cause we find no error which would justify a reversal of the judgment.

The judgment is affirmed.