[Civ. No. 4358.   Third Appellate District.—June 20, 1931.]

E. A. GAMMON, Appellant, v. F. W. WALES et al., Respondents.

Charles L. Gilmore for Appellant.

Bronson, Bronson & Slaven for Respondents.

PRESTON, P. J.—This is an appeal by plaintiff E. A. Gammon from an order of nonsuit in an action brought by him against defendants F. W. Wales and R. E. Wales for damages for personal injuries.

The complaint alleges that on May 3, 1930, at about the hour of 7:30 P. M., plaintiff was driving and operating his automobile in an easterly direction, in a careful and prudent manner, along the public highway known as "H" Street, in the city of Sacramento, when he collided with a parked automobile truck of defendants, and as a result of such collision, sustained severe and permanent injuries.

That Elmo Tracy, acting within the scope of his employment and as the agent and employee of defendants, had negligently, carelessly and without any regard for the traffic on said highway, parked said automobile truck belonging to defendants within the traveled portion of said highway at a point where there was not sufficient light within the lateral boundaries of said highway to reveal all persons, vehicles or substantial objects within said boundaries for a distance of 200 feet and said Tracy had not displayed any light of any character on or about said truck.

The answer of the defendants denied any negligence on their part and pleaded contributory negligence on the part

of plaintiff in not maintaining a lookout ahead for parked or moving vehicles located in front of plaintiff's path of travel, and in traveling at an excessive and negligent rate of speed.

The cause was heard before a jury and at the conclusion of plaintiff's evidence the defendants moved for a nonsuit upon the following grounds: "1. That the evidence wholly fails to show any negligence on the part of the defendants; 2. That the evidence established as a matter of law that the plaintiff was himself guilty of contributory negligence."

The court granted the motion without designating whether it was granted upon one ·or both of the grounds urged.

We are of the opinion that the learned trial judge committed error in granting the motion. ■ The court's powers and limitations with reference to the granting of a nonsuit are clear and well defined. The motion admits the truth of plaintiff's evidence and every inference which can be legitimately drawn therefrom, and upon such motion, the evidence should be interpreted most strongly against the defendants. The authorities supporting this rule are legion, and we need only cite the following: *Estate of Arnold,* 147 Cal. 583 [82 Pac. 252]; *Bakos* v. *Shell Co. of California,* 94 Cal. App. 243 [271 Pac. 127]; *Berger* v. *Lane,* 190 Cal. 443 [213 Pac. 45.] ■ Here there is evidence to show that at the time of the accident it was dark and the highway was wet and slippery. The truck was left standing on the highway in the path of plaintiff's travel, unoccupied and unattended, without having either the headlights or tail-light burning, but in utter darkness.

This is sufficient to hold the driver guilty of negligence. (*Mesnickow* v. *Fawcett,* 99 Cal. App. 357 [278 Pac. 500].) ■ The evidence further shows that plaintiff was traveling on his right and proper side of the highway at a lawful rate of speed at the time he collided with the rear end of defendants' truck.

Defendants contend that the plaintiff was guilty of contributory negligence, as a matter of law, in not seeing the truck in front of him. This was a question of fact for the jury. The law is well settled that the question of contributory negligence, like that of negligence, is a question for the jury, and only when the facts are clear and undisputed, and when no other inference than that of negligence or contribu-

tory negligence can be drawn from such facts, is the court authorized to withdraw the question from the consideration of the jury. (*Nagle* v. *California So. R. R. Co.*, 88 Cal. 86 [25 Pac. 1106]; *Stephenson* v. *Southern Pac. Co.*, 102 Cal. 143 [34 Pac. 618, 620, 36 Pac. 407]; *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513, 515]; *Fike* v. *San Joaquin Light & P. Co.*, 73 Cal. App. 712 [239 Pac. 344].)

In the Stephenson case, *supra*, the court said: ''The nonsuit was properly denied. . . . Where the facts are admitted or proven, without contradiction, the court will determine whether or not they establish negligence, or show contributory negligence; but where the conclusion is open to debate it is one for the jury under proper instructions from the court.''

Again, in *Zibbell* v. *Southern Pac. Co.*, *supra*, the court said upon this subject: ''It is only where no fact is left in doubt, and no deduction or inference other than of negligence, can be drawn by the jury from the evidence, that the court can say, as a matter of law, that contributory negligence is established. . . . Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury.''

There is a very wide difference between the inferences drawn and the conclusions reached, by the appellant from the testimony in this case, and those contended for by defendants, which emphasizes the fact that reasonable minds might reach different conclusions from the same testimony, and, therefore, in such case, it is a question of fact for the jury to determine.

The only possible theory upon which contributory negligence might be charged against plaintiff would be that he should have, as a reasonable person, seen, by means of the lights of his own car, the parked truck in the road ahead of him in time to have avoided the collision. This, of course, as we have already stated, was a question of fact to be submitted to the jury, under proper instructions, and is in no sense a question of law as urged by defendants.

Suppose that a defendant was being sued for damages by a driver of an automobile, for placing a large pile of rocks upon the highway in the night-time, unattended and without lights or any other signal, to warn the traveling public of

the dangerous obstruction on the highway. Could such defendant escape the consequence of his negligent act by saying that the driver was guilty of contributory negligence as a matter of law, because he did not see the pile of rocks in time to avoid the injury? Certainly not.

It would be a question of fact for the court or jury to determine from all the facts and circumstances. We see no difference in principle between the supposed case and the case at bar. In *Philadelphia & R. Ry. Co.* v. *Dillon,* 1 W. W. Harr. (Del.) 247 [15 A. L. R. 894, 114 Atl. 62], it is said: "A traveler on a highway by day or night may expect that it will not be obstructed unlawfully or in such manner as to cause him injury while he himself is in the exercise of due and reasonable care and *what is such care depends on the circumstances of each case.*"

Defendants further contend that there was no showing by plaintiff that at the time of the accident the truck was under the control and management of their employee.

The evidence shows that defendants owned the truck. The truck was sent on their business from Folsom to Sacramento on the day of the accident with a load of cherries, in charge of their driver, Elmo Tracy. Tracy was told to take the cherries to the freight sheds of the Southern Pacific Company on Front Street in Sacramento, unload them and return to Folsom with the truck. The truck was parked on the regular traveled highway leading from Sacramento to Folsom.

We think this evidence makes out a *prima facie* case of agency between the owners of the truck and the operator Tracy. (*Lemka* v. *Nauman,* 103 Cal. App. 757 [284 Pac. 1062]; *Fahey* v. *Madden,* 56 Cal. App. 593 [206 Pac. 128].)

Defendants also contend that there is no evidence that Tracy was acting within the scope of his employment or that he left the truck parked on the highway.

We think the jury might well have inferred from the evidence introduced that Tracy left the truck on the highway and in so doing he was acting within the scope of his employment.

The lights may have gone out, or something else happened to the truck that made it necessary for him to go for assistance. In *May* v. *Farrell,* 94 Cal. App. 703 [271 Pac. 789, 794], the court said: "In order to hold a master liable it is

not necessary that his servant should be engaged in the direct performance of the thing which is the ultimate object of the employment, for also included within the scope are those acts which incidentally or indirectly contribute to the service." (See, also, *Kish* v. *California S. Automobile Assn.,* 190 Cal. 246 [212 Pac. 27] ; *Brimberry* v. *Dudfield Lumber Co.,* 183 Cal. 455 [191 Pac. 894] ; *Dillon* v. *Prudential Ins. Co.,* 75 Cal. App. 266 [242 Pac. 736] ; *Ryan* v. *Farrell,* 208 Cal. 200 [280 Pac. 945] ; *Kruse* v. *White Bros.,* 81 Cal. App. 86 [253 Pac. 178].)

█ Furthermore, the statute (sec. 1714¼, Civ. Code) makes defendants liable even though Tracy was not at the time of the accident acting in the scope of his employment in this case. It reads: "Every owner of a motor vehicle shall be liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, *in the business of such owner or otherwise,* by any person using or operating the same with the permission, expressed or implied, of such owner. . . . "

The order should be reversed and it is so ordered.

Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 20, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 17, 1931.