[Civ. No. 10510. Second Appellate District, Division Two.—November 4, 1935.]

MRS. C. H. COFFEY, Appellant, v. ROBERT SLINGER-LAND et al., Respondents.

Arthur R. Hemm and Arthur E. Briggs for Appellant.

William Ellis Lady for Respondents.

GOULD, J., *pro tem.*—Plaintiff, a pedestrian, injured in a collision with a bicycle propelled by defendant Slingerland (at the time in the employ of defendant Winder), appeals from a judgment entered in favor of defendants after a jury trial. Reversal is sought solely for alleged errors in instructions to the jury.

The accident occurred at the intersection of Seventh Street and Broadway, Los Angeles. Plaintiff was crossing Broadway in a pedestrian zone; the bicyclist was riding south on Broadway. There was a conflict of testimony as to whether plaintiff started across Broadway at the first sounding of the bell for the change of traffic or whether, as she testified, she waited for the second bell and the "Go" signal. Responding to this evidentiary conflict, the court gave instructions as to the effect to be given to a violation of the Los Angeles city ordinance which by its terms forbids any person to enter an intersection until a green or "Go" signal is given. By one instruction the jurors were told that a violation of the traffic ordinance constitutes negligence, and that if such violation thereof proximately contributed in any respect to plaintiff's injury she could not recover. Another instruction, requested by plaintiff, states that if the jury finds that plaintiff started across the intersection before the second bell of the traffic control signal rang, "then it is your duty to decide whether or not the plaintiff was negligent in so doing, and if you find from the evidence that the plaintiff exercised in crossing the said intersection the degree of care which a reasonably prudent person would have exercised in the same circumstances, then you must find the plaintiff not guilty of contributory negligence, notwithstanding your finding that plaintiff left the curb before the second bell sounded". These two instructions as given were to some extent contradictory,

and the instruction requested by appellant was more favorable to her than the circumstances in the case justified.

In such cases as this the law in California is settled that violation of an ordinance or statute is negligence *per se* (*Kellner* v. *Witte*, 133 Cal. App. 231 [23 Pac. (2d) 1045]), the presumption of negligence arising from failure to perform a duty imposed by law (*Giorgetti* v. *Wollaston*, 83 Cal. App. 358 [257 Pac. 109]); but this presumption is not conclusive and may be overcome by evidence that such failure was excusable or justifiable (*Berkovitz* v. *American River Gravel Co.*, 191 Cal. 195 [215 Pac. 675]), and to bar recovery it must of course be found that the negligence proximately contributed to the injury (*Morgan* v. *Los Angeles Rock & Gravel Corp.*, 105 Cal. App. 224 [287 Pac. 152]). The instruction relating to this phase of the case should enunciate these principles, leaving it to the jury to determine from all the evidence whether or not there was a violation of the traffic ordinance, whether such violation was excusable or justifiable and whether it contributed proximately to the injury.

Appellant also complains that the facts entitled her to an instruction upon the doctrine of last clear chance. Without recounting the evidence in detail we agree with this contention, although appellant cannot complain that the instruction offered by her was refused by the court. Such requested instruction omitted as one of the essential constituents of the doctrine the vital element that the defendant *by the exercise of ordinary care* had the last clear chance to avoid the accident and that he failed to exercise such ordinary care. (*Darling* v. *Pacific Electric R. Co.*, 197 Cal. 702 [242 Pac. 703].)

Vitally affecting appellant's rights is the third point made with reference to instructions. As part of the evidence in the case defendant Slingerland testified that he moved across the intersection at the beckoning direction of the traffic officer on duty, who, produced as a witness, also testified that he had given the bicyclist a signal to cross. The traffic ordinance governing in the case provides that traffic officers shall by voice, hand or other signal direct all traffic, "and it shall be unlawful for any person to refuse or fail to comply with any lawful order, signal or other lawful direction of a police officer". Reciting these provisions of the traffic ordinance, the instruction to which appellant objects continued to charge

the jury that if they found a traffic officer was on duty at the time and place of the accident and that he gave defendant Slingerland directions to proceed over the intersection, "then you are instructed that defendant Slingerland had the absolute right to continue across said intersection, and it was the duty of all persons, . . . including plaintiff herein, to yield the right-of-way to defendant Slingerland; and if plaintiff failed and neglected to do so, and such failure and neglect contributed directly or proximately to the injuries she sustained, then she is not entitled to recover herein . . . " The bald, unqualified statement that one receiving a direction or signal from a traffic officer authorized by ordinance so to give traffic directions thereby has an *absolute* right to cross an intersection, irrespective of the movement of other traffic, is not a correct statement of the law. ▆ This right to proceed at the direction of a traffic officer is always conditioned upon the continued exercise of due care by the person obeying such direction, so that the rights of other persons in the same intersection may be properly safeguarded. Such direction of a traffic officer is not to be complied with if compliance would probably result in an accident. Under all circumstances due care must be exercised, and such exercise of due care is paramount to the duty of obeying the traffic officer's signal. (*North State etc. Co.* v. *Charleston Co.*, 115 S. C. 267 [105 S. E. 406].) ▆ Furthermore, the plaintiff under the circumstances would be entitled to a reasonable opportunity to yield the right of way. The instruction omits this element of reasonable opportunity on her part. It also omits the element of notice to or knowledge on the part of plaintiff of the special order or signal which the officer "gave the *defendant*". ▆ Nor is this instruction cured by the general instruction elsewhere given by the court respecting the duty of a person driving a vehicle in a public highway to drive the same at a careful and prudent speed. The instruction complained of is in the nature of a "formula" instruction, and as such is inherently vicious in its present form because it does not contain all the elements essential to a verdict. (*Douglas* v. *Southern Pacific Co.*, 203 Cal. 390 [264 Pac. 237].)

The judgment is reversed.

Wood, J., and Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 3, 1935, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 2, 1936.

Conrey, J., voted for a hearing.