[Civ. No. 1647. Fourth Appellate District.—January 21, 1937.]

PAUL J. McCOY, Respondent, v. LIFE SAVERS, INC. (a Corporation), et al., Appellants.

H. W. Kidd, Eugene S. Ives, Harold L. Watt and Carol G. Wynn for Appellants.

Thomas F. Murphine and Paul J. Fritz for Respondent.

BARNARD, P. J.—This is an action for damages for injuries received by the plaintiff when an automobile in which he was sitting was struck by an automobile owned by the corporate defendants and driven by the defendant Burla. On the issues of negligence on the part of the defendants and

contributory negligence on the part of the plaintiff the court found for the plaintiff and entered judgment in his favor, from which this appeal is taken.

The accident happened about 1 o'clock A. M. on November 24, 1934, on U. S. Highway 101 at a point about three miles north of San Clemente and about half a·mile south of an underpass. The pavement at that point consists of a four-lane highway, each lane being about ten feet wide. The night was clear, there was no fog, the road was dry, straight and level, no other cars were in sight, and there was nothing to obstruct the view for at least half a mile in either direction from the point where the accident occurred.

The respondent testified that as he was proceeding south on this road he observed a lady signaling for a ride; that he stopped about one hundred feet beyond her; that he looked back and could see no cars coming in his direction; that he backed some fifteen or twenty feet and stopped again; that he could not then see the lights of any approaching car; that he was then in the westerly or right-hand lane of the highway with his left rear wheel about on the white line between that lane and the second lane; that he then reached over to the right door of his car to open it for the lady; and that while he was in this position the crash came and he lost consciousness.

The driver of the appellants' car testified that this car was constructed in the design of a ''Life Saver'' package; that the design was such that the body was perfectly straight and round with a cowl and hood higher than the ordinary car; that his headlights were good; that the respondent's car passed him some two or three miles north of the scene of the accident; that he then observed the two tail-lights on the respondent's car and that the headlights were operating in good order; that he observed the red lights on respondent's car until it came to the underpass; that when he himself came out of the underpass, which constituted a dip in the highway, he again saw the tail-lights on respondent's car about two hundred yards ahead of him; that he was traveling about forty or forty-five miles an hour when he came out of the dip; that there were no other cars on the highway; that he and the respondent were traveling in the same lane, the extreme right-hand lane; that at all times after he came through the underpass he kept his eyes on the lights of the

respondent's car; that he observed that the distance between his car and the respondent's car was rapidly being diminished when he was about two hundred feet away from respondent's car; that when he was about fifty feet from respondent's car he started to turn to the left out of the right-hand lane; that when he was about twenty-five feet from the respondent's car, a guest who was riding with him told him to "look out" and he applied the brakes; that the right front of his car collided with the left rear of the respondent's car; that the respondent's car was pushed or knocked sixty-three feet, stopping against a culvert on the right side of the highway; and that when that car came to a stop its engine was still running.

██ The only point raised is that the respondent must, as a matter of law, be held to have been guilty of contributory negligence which was the proximate cause of the accident. It is argued that the respondent violated the provisions of section 136a of the California Vehicle Act in stopping his car on the paved portion of a public highway when it was practicable to have removed the car therefrom; that he violated the provisions of sections 122b and 123a of the same act in failing to drive his car as closely as practicable to the right-hand edge of the highway and that he failed to observe the lights of the appellants' approaching car, which were plainly visible. While it is argued that there was a five-foot shoulder in good condition on the right side of the highway where the respondent could have stopped there is some conflict as to this as one witness testified concerning the shoulder: "It had been worked over a day or two before that, that they were grading it at that time."

The appellants cite several cases from this and other states in an attempt to support the contention that a temporary stop of this nature for the purpose of picking up a passenger constitutes a violation of section 136a of the California Vehicle Act and is negligence *per se*. We need not decide this question, but will assume for the purposes of this opinion that this is true. The question remains whether such negligence must, as a matter of law, be held to have been a proximate cause of the accident. The facts, as testified to by the driver of the appellants' car, are a sufficient answer to this question. A different question would have been presented had the respondent stopped in such a position that his taillights could not have been observed by the driver of the

other car. But this driver admits that he watched these lights continuously during, at least, the last six hundred feet; that he observed that the distance between the two cars was rapidly diminishing when he was two hundred feet away; that he started to turn to the left when he was fifty feet away from the other car; and that he did not make a sufficient turn to avoid hitting the other car. The undisputed evidence is that there was at least thirty feet of paved highway to the left of respondent's car as it stood in the right-hand lane. The construction of appellants' car was such that it was more difficult to see or judge how close it was to another car than would ordinarily be the case. If the respondent's car had been slowly moving at the time, the accident might still have occurred in view of the situation and the conduct of the driver of the appellants' car, as testified to by him. Under the circumstances reasonable minds might well differ upon the question as to whether any possible negligence on the part of the respondent was a proximate cause of what occurred. The question was one of fact and was correctly treated as such by the trial court. (*Giorgetti* v. *Wollaston*, 83 Cal. App. 358 [257 Pac. 109]; *Petersen* v. *Lewis*, 2 Cal. (2d) 569 [42 Pac. (2d) 311]; *Skaggs* v. *Wiley*, 108 Cal. App. 429 [292 Pac. 132]; *Mesnickow* v. *Fawcett*, 99 Cal. App. 357 [278 Pac. 500]; *Silvey* v. *Harm*, 120 Cal. App. 561 [8 Pac. (2d) 570].)

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.