[Civ. No. 10208. First Appellate District, Division One.—March 11, 1937.]

NORMAN S. HALL et al., Respondents, v. ASSOCIATED OIL COMPANY (a Corporation) et al., Appellants.

James F. Hoey and F. G. Hamilton for Appellants.

Tinning & DeLap and George T. Barkley for Respondents.

THE COURT.—This action was brought by husband and wife to recover damages for injuries alleged to have been sustained by the wife through the negligence of the defendants. At the trial the jury returned a verdict for the defendants.

■ Upon motion by the plaintiffs a new trial was granted on the ground of insufficiency of the evidence to sustain the verdict and newly discovered evidence. The defendants have appealed from the order.

The injuries complained of were caused by a collision between an automobile driven by plaintiff Hall, in which his wife was riding, with a truck owned by defendant company which its employee had parked diagonally on the highway. The front wheels of the truck were from two to three feet off the highway. The collision occurred in the night-time, and there was evidence that there were no lights on the truck, and also that insufficient clearance was left for the passage of other vehicles.

The defendants claim that, considering the condition of the highway and the atmosphere and that of the car which Hall was driving, he should have seen the obstruction in time to have avoided the collision, and that his failure to do so was negligence on his part.

The California Vehicle Act provided that no vehicle, whether attended or unattended, could be parked or left standing on a highway unless a clear unobstructed width of fifteen feet upon the main traveled portion of the highway opposite the standing vehicle be left for the free passage of other vehicles, section 136 (a), and also that certain lights be carried on the front and rear of vehicles, section 100 (d).

There can be no reasonable doubt regarding the defendant's negligence; and, under the evidence taken most favorably to the plaintiff, we are satisfied that the question of contributory negligence was one for the jury. Such was the view of the courts under similar circumstances as shown by the following cases: *Sawdey* v. *Producers' Milk Co.,* 107 Cal. App. 467 [290 Pac. 684]; *Olden* v. *Babicora Dev. Co.,* 107 Cal. App. 399 [290 Pac. 1062]; *Gammon* v. *Wales,* 115 Cal. App. 133 [300 Pac. 988]; *Hine* v. *Leppard,* 5 Cal. App. (2d) 154 [42 Pac. (2d) 389, 43 Pac. (2d) 595]; *Anderson* v. *I. M. Jameson Corp.,* 7 Cal. (2d) 60 [59 Pac. (2d) 962]; *Schurman* v. *Los Angeles Creamery Co.,* 81 Cal. App. 758 [254 Pac. 681]. We are convinced that the facts justified the granting of a new trial.

The order is accordingly affirmed.

Mr. Presiding Justice Tyler, deeming himself disqualified, did not participate in the decision.